**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALMA YADIRA; et al., | No. 13-17083 |
| Plaintiffs - Appellants, | D.C. Nos. 5:08-cv-05721-RMW |
| v. | 5:08-cv-05722-RMW |
| JESUS FERNANDEZ, DBA Flamingo Nightclub, DBA Maria's Nightclub, DBA Tony's Pool Hall, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted October 21, 2015[**]
San Francisco, California

Before: BLACK,[***] CLIFTON, and N.R. SMITH, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Florencia Mondragon appeals the district court's judgment that Mondragon was an exempt employee, not entitled to recover overtime wages from her employer. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

California law generally entitles employees to overtime pay for "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek," Cal. Lab. Code § 510(a), unless the employee qualifies for a statutory exemption from the state's overtime laws, § 515. However, Wage Order No. 5-2001 (Wage Order 5) exempts from overtime compensation "persons employed in administrative, executive, or professional capacities." Cal. Code Regs. tit. 8 § 11050(1)(B). To meet the overtime exception for employment in an executive capacity, an employee must be "primarily engaged in duties which meet the test of the exemption." § 11050(1)(B)(1)(e). "Primarily" engaged "means more than one-half [of] the employee's work time" is spent on exempt duties. § 11050(2)(O).

California law requires courts to "consider, first and foremost, how the employee actually spends his or her time." *Ramirez v. Yosemite Water Co.*, 978 P.2d 2, 13 (Cal. 1999). California law does not require an employer to "literally count the number of hours the employee spent on the exempt duties." Although many California cases interpreting the "primarily engaged in" requirement do

focus on the actual allocation of time and counting of hours, *see, e.g.*, *Combs v. Skyriver Commc'ns, Inc.*, 72 Cal. Rptr. 3d 171, 190 (Ct. App. 2008), not all cases have found it necessary to require such a detailed hour counting exercise, especially when an employer "set[s] forth a representative sample of the job duties . . . [consisting of] an accurate reflection of the work [the employee] actually performed," *In re United Parcel Serv. Wage & Hour Cases*, 118 Cal. Rptr. 3d 834, 846 (Ct. App. 2010).

In reviewing the judgment, we review "the district court's findings of fact for clear error." *Price v. U.S. Navy*, 39 F.3d 1011, 1021 (9th Cir. 1994). Therefore, we review the district court's factual finding that Mondragon was an exempt employee for clear error. *Nordquist v. McGraw-Hill Broad. Co., Inc.*, 38 Cal. Rptr. 2d 221, 224-25 (Ct. App. 1995).

The district court did not clearly err in determining that Mondragon was primarily engaged in exempt work, based on the evidence presented in the bench trial. Witnesses testified that Mondragon's work tasks and responsibilities were nearly all exempt under Wage Order 5. In contrast, hardly any of Mondragon's work tasks and responsibilities were non-exempt. Evidence further supported the determination that "quantitatively, Mondragon[] spent more than 50% of her time performing managerial duties."

Defendant-Appellee's Motion to Strike Appellant's Opening Brief and Excerpts of Record is denied.

**AFFIRMED**.